**Qigang LIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75810.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Qigang Liu, a native and citizen of China, petitions pro se for review of the Board

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

of Immigration Appeals' ("BIA") order denying his motion to reconsider its order affirming the immigration judge's ("IJ") order denying asylum and reopening of his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's decision to deny a motion to reopen or to reconsider. *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). We deny the petition for review.

To the extent Liu's motion can be construed as a request to reopen, the BIA did not abuse its discretion in denying the motion because it was not supported by previously unavailable evidence. *See* 8 C.F.R. § 1003.2(c)(1); *see INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

The BIA did not abuse its discretion in denying Liu's motion to reconsider as it determined that the IJ made an adverse credibility finding and stated that the IJ's decision was without error. *See* 8 C.F.R. § 1003.2(b)(1); *see Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir.2005) ("[T]he BIA must issue a decision that fully explains the reasons for denying a motion to [reconsider].").

**PETITION FOR REVIEW DENIED.**